449 F.2d 542
 Joseph B. CANNITO, Petitioner, Appellee,
v.
Maurice H. SIGLER, Warden, Nebraska State Penitentiary,
Respondent, Appellant.
Edward J. KONDER, Petitioner, Appellee,
v.
Maurice H. SIGLER, Warden, Nebraska State Penitentiary,
Respondent, Appellant.
 Nos. 71-1072, 71-1073.
 United States Court of Appeals,
Eighth Circuit.
 Oct. 7, 1971.
As Amended on Denial of Rehearing Nov. 30, 1971.
 
 Ralph H. Gillan, Asst. Atty. Gen., Clarence A. H. Meyer, Atty. Gen. of Nebraska, Lincoln, Neb., for respondent, appellant.
 James Beltzer, Grand Island, Neb., for appellees.
 Before VAN OOSTERHOUT, MEHAFFY and ROSS, Circuit Judges.
 ROSS, Circuit Judge.
 
 
 1
 This is an appeal from judgments entered by the United States District Court granting writs of habeas corpus to Cannito and Konder subject to the State of Nebraska granting them new trials within ninety days. We reverse with directions to dismiss the petitions.
 
 
 2
 The facts of these cases are carefully set forth by the district judge in his memorandum dated January 8, 1971, and reported at 321 F.Supp. 798. No useful purpose would be served in repeating the factual situation or the district court's holdings on five of the six points. We adopt the district court's findings of fact as to all six points discussed in that opinion and its conclusions of law as to all points except the second one and its final paragraph entitled "Conclusion."
 
 
 3
 Cannito and Konder were convicted in state court of the armed robbery of a Safeway grocery store. Prior to trial, attorneys for Cannito and Konder filed a motion to suppress evidence obtained pursuant to a search warrant. This motion was granted by the state trial court which held that the evidence had indeed been obtained pursuant to an invalid warrant. The evidence thus obtained included two guns found in a motel room which Cannito and Konder occupied subsequent to the robbery. The guns were not introduced into evidence by the state in its case in chief. Konder took the stand in his own defense and testified on cross-examination that he had a .22 caliber single action pistol, the handle of which was "a nondescript color" or "grayish-grayish black," and a .38 caliber pistol with a black handle. On rebuttal, the state was permitted to introduce exhibits 4 and 5, a .38 snub nose pistol, the color of which was not identified in the record, and a .22 caliber pistol, the handle of which was said by the rebuttal witness to be black. The state claimed its right to introduce these guns to impeach the testimony of Konder as to their color under the authority of Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), and the state trial court permitted the guns to be introduced.
 
 
 4
 The federal district court held that the introduction of the guns was improper under Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925), since the testimony sought to be impeached was elicited by the state on cross-examination rather than by the defense on direct examination. In so doing, the federal district judge distinguished this case from Walder since in Walder the testimony to be impeached had been offered by the defendant himself on direct examination. The Walder case distinguishes Agnello in like fashion.
 
 
 5
 On appeal, the appellant claims (1) that the guns which were seized were properly seized and that the state court should not have sustained the pretrial motion to suppress; (2) that even if illegally seized, they were properly accepted into evidence by the state trial court to impeach the testimony of Konder; and (3) that even if they were not properly seized or properly admitted into evidence to impeach the testimony of Konder, the introduction of the guns into evidence was, nevertheless, harmless error beyond a reasonable doubt. The briefs filed in the federal district court are not before us, and the federal district court's memorandum opinion does not state whether the third of these points was urged upon that court. Both parties briefed and argued the point in this Court based upon the bill of exceptions filed in the direct appeal to the Supreme Court of Nebraska which was admitted into evidence in the federal court proceedings. It includes a transcript of evidence adduced at the trial in state court which was considered by the federal district court, and which has been carefully studied by this Court.
 
 
 6
 Without actually deciding the issues, but assuming for the purposes of this appeal that the guns were obtained pursuant to an invalid search warrant and that they were inadmissible for the purposes of impeachment under the authority of Agnello, supra, we are convinced from a careful reading of all of the evidence adduced at the trial in state court and the hearing in federal court, that the reception of the guns in evidence was harmless beyond a reasonable doubt. In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the Supreme Court reaffirmed its holding in Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967), to the effect that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." This case falls within that rule. See also Chambers v. Maroney, 399 U.S. 42, 53, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
 
 
 7
 As in Harrington v. California, supra, the evidence of the guilt of Cannito and Konder was "not woven from circumstantial evidence," but included eyewitness identification by three victims of the robbery. Any doubt as to the eyewitness identification of both Konder and Cannito is dispelled by the facts set forth in the In-Court Identification section of the memorandum opinion of the federal district court.
 
 
 8
 There was also substantial evidence relating to the guns prior to their introduction. The sheriff testified that he saw two guns in the motel room occupied by Cannito and Konder subsequent to the robbery, and he described the guns. The motel owner testified that he saw one gun in the motel room. The eyewitnesses testified concerning the types of guns used by the robbers. And Konder testified on cross-examination, without objection, that he had two guns and described them as hereinbefore set forth. The description of the guns given by Konder did not vary substantially from the description given by the sheriff or from the appearance of the guns introduced into evidence. Under these circumstances, it is difficult to see how their actual introduction into evidence could have had any influence upon the jury in its determinations. In our opinion, it was at most harmless error beyond a reasonable doubt. See also Erving v. Sigler, 413 F.2d 593, 595 (8th Cir. 1969), cert. denied, 397 U.S. 947, 90 S.Ct. 968, 25 L.Ed.2d 129 (1970); Turner v. United States, 426 F.2d 480, 483 (6th Cir.), cert. denied, 400 U.S. 929, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970).
 
 
 9
 In Harrington v. California, supra, 395 U.S. at 254, 89 S.Ct. at 1728, the Supreme Court stated: "We of course do not know the jurors who sat. Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the two confessions on the minds of an average jury." Our judgment is based upon the reading of the record and on what seems to us to have been the probable impact, or lack thereof, of the introduction of the guns into evidence on the minds of an average jury; and our judgment is that considering all of the other evidence, the impact was negligible.
 
 
 10
 Reversed and remanded with directions to dismiss the petitions of both Konder and Cannito.
 
 
 11
 Mandate shall issue forthwith.