**Wilson SMITH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 71–1600.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1972.

Decided May 12, 1972.

Terry C. Smith, St. Paul, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendant appeals from his conviction upon a verdict of guilty by a jury of the charge of armed robbery of a bank by the use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and 2113(d). He was sentenced to imprisonment for a term of 18 years by The Honorable Edward J. Devitt, Chief Judge of the United States District Court, District of Minnesota. Defendant's principal contention on this appeal is that the trial court erred in refusing to grant a mistrial after certain exhibits, including the gun used in perpetrating the robbery, were erroneously admitted, later stricken and the jury cautioned to ignore said exhibits in making their determination. We affirm.

In brief, the evidence disclosed that defendant initially entered the bank about 3 p. m. on April 23, 1971 and asked for the president; after being advised that the man he desired to see (the executive vice-president) was having coffee, he left the bank; a short time later the bank cashier went to a local coffee shop where he sat at the same table with defendant and three other customers for approximately 10–15 minutes; at about 5 p. m. defendant entered the bank, approached the executive vice-president sat at his desk and asked about a loan; then pointed a gun at the bank official, gave him a yellow plastic bag and told him to "put all the money

in it; after being handed the bag filled with money the defendant insisted there was more money although told to the contrary; defendant then took out a can which he said was mace and sprayed the bank official's face; defendant left the bank with the money after having spent about ten minutes in the bank; within two weeks thereafter defendant was arrested pursuant to arrest warrant at a motel in Miles City, Montana; the actual arrest took place just outside defendant's motel room; Government agents had called his room and directed him to come out with his hands up; as defendant came out he was arrested, handcuffed, advised of his rights, asked if he had any guns, to which he replied "yeah, they are in the duffel bag; " the duffel bag which was inside the motel room was then searched and the gun, and can of mace, which were later offered in evidence, were then seized.

The gun was initially received in evidence without objection. Later when the clip and bullet which was removed from the chamber were offered, defendant objected to their admission on the grounds they were taken under an illegal search. The objections were initially overruled and the exhibits received.[1] Subsequently, after a hearing outside of the presence of the jury, the Court granted defendant's motion to suppress and instructed the jury to disregard the exhibits. In so doing the trial court stated, "It is an abundance of caution which prompts me to sustain the objection and not accept the gun."

Defendant now urges that there is a reasonable possibility that the exhibits ultimately stricken might have contributed to his conviction and therefore this cause must be reversed. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed. 2d 171 (1963). The Government contends: (1) The trial court properly

refused to grant a mistrial because error, if any, in admitting the exhibits in question was harmless beyond a reasonable doubt; (2) the exhibits in question were not obtained as a result of an illegal search and seizure and could have properly been admitted in evidence. After reviewing the record we are abundantly satisfied that any error in admitting the exhibits in question was harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt. Schneble v. State of Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L. Ed.2d 340 (1972); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Cannito v. Sigler, 449 F.2d 542 (CA8, 1971).

█ The defendant was positively identified by 5 eye-witnesses[2] who all had ample opportunity to observe him during the robbery which took approximately ten minutes. He was also observed by three of the bank employees when he entered the bank at 3 p. m. and asked to see the president of the bank. The cashier sat at the table with him at the local cafe for around 10–15 minutes having coffee. Defendant was not masked at any time. His automobile with a dented fender was parked near the bank. It was described by several of the witnesses as were photos of it. The money turned over to defendant during the robbery included bait money. Seven of these twenty-dollar bills were included in a $1200 cash payment made by defendant's wife on defendant's auto a few days after the robbery. The evidence of defendant's guilt, aside from the disputed exhibits, was so overwhelming that we have no hesitation in saying their receipt into evidence was at most harmless error beyond a reasonable doubt. We also observe that the gun and can of mace were so fully described by the witnesses in the bank that it is difficult to perceive that the actual admission of these exhibits was other than cumulative. Having found that error, if any, in admitting the exhibits was harmless

1. Similar objection and ruling was made to the can of mace.

2. 4 bank employees and 1 customer.

beyond a reasonable doubt, we do not reach the Government's contention that the exhibits were not obtained as a result of an illegal search.

 Defendant has also filed herein a pro se brief claiming he was denied the fundamental right to obtain witnesses in his favor. During the course of the trial defendant read into the record names and addresses of certain witnesses he desired subpoenaed. The Court ordered the witnesses subpoenaed and indicated it was willing to recess the trial for a day if that became necessary in order to procure essential witnesses. Counsel for the defendant advised the Court that Morris Mayers, an attorney of defendant's selection, contacted the witnesses during the course of the trial and based on his evaluation and counsel's evaluation, the calling of these witnesses would be detrimental and he recommended they not be called. One of the witnesses defendant requested did testify. His testimony was neither helpful nor harmful to defendant's cause. We find defendant's contention that he was denied the fundamental right to obtain witnesses in his favor to be without merit.

Affirmed.