State of Nebraska, appellee, v. Ronald L. Reed,
appellant.

199 N. W. 2d 707

Filed July 28, 1972. No. 38285.

David L. Herzog and J. Patrick Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Smith, J.

A jury returned a verdict of guilty against Ronald L. Reed on these counts: (1) Entry into a bank with intent to take property of the bank by violence or intimidation; (2) use of a firearm in commission of a felony; and (3) shooting "at" William Tate with intent to kill, wound, or maim. § 28-410, R. S. Supp., 1969. Ronald appeals. He asserts a violation of the exclusionary rules of search and seizure and insufficiency of the evidence.

Three men respectively armed with a carbine, a shotgun, and two revolvers attempted to rob the Ames Plaza Bank in Omaha on October 20, 1970, at 8 p.m., closing time. One visitor and 13 bank employees were present.

William Tate, an Omaha police sergeant and a part-time guard at the bank, testified as follows: Ronald pushed a carbine against Tate's back, ordering him to lie on the floor. Tate turned, grabbed the barrel of the carbine with his left hand, and forced the muzzle downward between his knees before Ronald fired. At

the same time he drew and fired his .38 calibre service revolver toward Ronald, who stood 6 inches away. Tate looked at Ronald's midriff. He thought 2 bullets struck Ronald in the stomach, although he saw no sign of a wound.

The other intruders were attempting to shoot Tate. The latter, having emptied his revolver and crawling toward the rear of the bank to reload, suffered shotgun wounds. The assailants fled.

Another employee identified Ronald as the man with the revolvers. No one else in the group of 14 except Tate knew whether or not Ronald had been one of the assailants.

Irma Reed testified as follows: She and Ronald, her cousin, on October 7, 1970, rented a house at 4267 Wirt Street in Omaha. Ronald used the name "Duane Reed" in signing the lease. He, not Irma, occupied the house, but she visited him there several times the following week or two. Ronald visited her and other relatives at the home of Irma's mother in Omaha. She saw him in Omaha several days after October 20, and there were no signs of a stomach wound or nervousness. Absence of a stomach wound was conclusively established by testimony of a physician.

A plumber who had been called, was admitted to the house at 4267 Wirt Street on October 23, 1970. A holstered pistol hung from a doorknob. The plumber before departure noticed that the pistol and holster were no longer there.

Ronald was arrested at Minneapolis, Minnesota, the city of his residence, in an apartment where he was a guest. From clothing in the apartment an officer removed four items—identification, social security, and credit cards, and a Nebraska driver's license bearing the name "Dana W. Hudson." Seizure of the license led to discovery of latent fingerprints of Ronald on the license application, dated October 20, 1970, in Omaha. A motion by Ronald to suppress the items was over-

ruled, and they were received in evidence.

An exception to the exclusionary rules of search and seizure is the rule of harmless error beyond a reasonable doubt. See Chambers v. Maroney, 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970); Cannito v. Sigler, 449 F. 2d 542 (8th Cir., 1971).

It is possible that the alias "Dana W. Hudson" prejudiced Ronald. Defense counsel argues prejudice in that the date, place, and fingerprints on the license application proved the presence of Ronald in Omaha on October 20, 1970. We need not reach the ruling in question, for such error would have been harmless beyond a reasonable doubt.

The jury could properly find Ronald guilty beyond a reasonable doubt. See State v. Leary, 185 Neb. 76, 173 N. W. 2d 520 (1970). The judgment is affirmed.

AFFIRMED.