State of Nebraska, Appellee, v. Larry Larue Clark,
APPELLANT.
201 N. W. 2d 205
Filed October 6, 1972. No. 38286.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Spencer, J.
Defendant and Ronald L. Reed were convicted of entering a bank building with the intent to steal or rob; using a firearm in the commission of a felony; and shooting with the intent to kill, wound, or maim. The conviction of Reed was affirmed on appeal. State v. Reed (1972), 188 Neb. 815, 199 N. W. 2d 707.

Defendant alleges three assignments of error: First,

(109)

the district court erred in granting the State's motion to consolidate the defendant's trial with that of his co-defendant; second, the court erred in failing to adequately instruct the jury concerning the segregation and consideration of evidence of guilt against only the defendant to whom it related; and, third, the court erred in denying defendant's motion for a directed verdict of acquittal at the conclusion of the State's case-in-chief. We affirm.

Section 29-2002(3), R. R. S. 1943, provides as follows: "The court may order two or more indictments, informations, or complaints, or any combination thereof, to be tried together if the offense, and the defendants, if there are more than one, could have been joined in a single indictment, information or complaint. The procedure shall be the same as if the prosecution were under such single indictment, information, or complaint."

Defendant in this appeal is relying specifically on subsection (4) of section 29-2002, R. R. S. 1943, which provides as follows: "If it appears that a defendant or the state would be prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder of offenses in separate indictments, informations, or complaints for trial together, the court may order an election for separate trials of counts, indictments, informations, or complaints, grant a severance of defendants, or provide whatever other relief justice requires."

Defendant made no factual showing on the record before trial which would establish sufficient facts to indicate the granting of the motion to consolidate would be erroneous. The record herein does not establish that any evidence whatsoever was given on the motion to consolidate, although the ruling came after other motions had been resolved. There were no statements or confessions given by either defendant. In essence, defendant's argument is that the joint trial was unfair as to him because much of the evidence related only to his

codefendant. This is not unusual in joint trials, and is not the type of evidence which is considered prejudicial to joinder.

There is no constitutional right to a separate trial. Rather, the right is statutory in origin and depends upon a showing that prejudice will result from a joint trial. State v. Erving (1966), 180 Neb. 824, 146 N. W. 2d 216. As stated, no such showing was made herein. Most of the cases cited by the defendant involve prejudice because of statements or confessions by a codefendant which implicate the appealing defendant. In the absence of a showing of an abuse of discretion, the ruling of the trial court upon the motion for consolidation will not be disturbed.

Defendant's second assignment of error questions the adequacy of the instruction to the jury that evidence relating to one defendant may not be considered against any other defendant. The instruction given is as follows: "Though the defendants are tried together, it is your duty to separately consider the guilt of each defendant. Evidence relating to one defendant may not be considered against any other defendant. A finding of guilt against any defendant, if such you should find, shall in no manner be considered in your determination as to any other defendant. You will not permit any defendant to be prejudiced by reason of the fact that the defendants are tried together."

Defendant requested two instructions taken from Nebraska Jury Instructions, Nos. 14.54 and 14.54a. NJI No. 14.54a is an alternative, abbreviated form of No. 14.54. The instruction given by the trial court is essentially NJI No. 14.54, which reads as follows: "Though the defendants are tried together, it is your duty to consider separately the guilt or innocence of each defendant. Each defendant is entitled to have his guilt or innocence determined from his own conduct and from the evidence which applies to him, as if he were being tried alone. Evidence relating to one defendant alone

may not be considered against the other defendants. (A finding of guilt or innocence against any defendant, if such you should find, shall in no manner be considered in your determination of the guilt or innocence of the other defendants.) You will not permit any defendant to be prejudiced by reason of the fact that the defendants are jointly charged with a criminal offense."

While the trial court could have avoided any question if he had given NJI No. 14.54 as written, we cannot say that the instruction given by the trial court is so inadequate as to be prejudicial. The jury was specifically instructed it could not consider the evidence relating only to one defendant against the other. This is the substance of NJI No. 14.54. Defendant could not have been prejudiced because the instruction given omitted one sentence of NJI No. 14.54.

The defendant's third assignment of error alleges the insufficiency of the evidence as a matter of law to establish the defendant's guilt. Three of the witnesses identified the defendant as one of the three men seen in the bank at the time of the attempted robbery. While questions were raised in the cross-examination as to the efficacy of their identifications, credibility is an issue for the jury and not the court. There was sufficient evidence to require the overruling of defendant's motion for a directed verdict and the submission of the case to the jury.

For the reasons given, the judgment herein should be and is affirmed.

AFFIRMED.