STATE OF NEBRASKA, APPELLEE, v. KATHY SHIMP, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. DANIEL CLARK, APPELLANT.
206 N. W. 2d 627

Filed April 20, 1973. Nos. 38681, 38682.

Charles A. Fisher, for appellants.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendants appeal from convictions for unlawful possession of a controlled substance. The cases were consolidated for trial in the District Court. Since the appeals involve similar issues, they will be disposed of in this court by one opinion.

The assignments of error relate to the sufficiency of the evidence; the consolidation for trial in the District Court; the instructions to the jury; and the sentence imposed on the defendant Shimp.

The record shows that the defendants were living together in Chadron, Nebraska. A witness for the State testified he was at the residence of the defendants on February 20, 1972, and purchased two tablets containing LSD from Spike Myers. Both defendants were present when the transaction occurred. After making the sale,

Myers handed two bags of the tablets to Clark and asked Clark to keep them there. Clark then placed the bags in the freezer compartment of the refrigerator. Although there was no direct evidence that Shimp actually handled the tablets, the circumstantial evidence was sufficient to permit the jury to find her guilty of possession.

Evidence that the accused had physical or constructive possession of a drug with knowledge of its presence and its character as a controlled substance is sufficient to support a finding of possession. State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187. The language in the informations that charged the defendants had "physical control" was surplusage since the statute prohibits possession. § 28-4,125, R. S. Supp., 1972. The evidence in this case was sufficient to sustain a finding of physical possession by Clark and constructive possession by Shimp.

The trial court instructed the jury that knowledge that the substance in question was LSD and consciousness of possession were essential elements which the State was required to prove. The instruction given was sufficient, and refusal to give the requested instruction was not error. The instruction given on circumstantial evidence conformed to NJI No. 14.50 and was proper.

A trial court may consolidate cases for trial if the offenses charged are based on the same act or transaction. § 29-2002, R. R. S. 1943. The proof in these cases related to the transaction at the residence of the defendants on February 20, 1972, when both were present. Substantially all the evidence was admissible against both defendants. There was no showing of any substantial prejudice to either defendant as a result of the consolidation. See State v. Clark, 189 Neb. 109, 201 N. W. 2d 205. In the absence of an abuse of discretion, a ruling on a motion for consolidation will not be disturbed. State v. Bazer, 189 Neb. 711, 204 N. W. 2d 799.

The trial court sentenced Shimp to the Division of Corrections of the Department of Public Institutions of the State of Nebraska for a period of not less than 2 nor more than 4 months. The sentence was authorized by section 83-482, R. R. S. 1943.

The judgments are affirmed.

AFFIRMED.