**UNITED STATES of America, Appellee,**

v.

**Gordon "Butch" EARLEY, Jr., Appellant.**

**No. 81–1065.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 19, 1981.

Decided Aug. 20, 1981.

John P. Roehrick, Des Moines, Iowa, for Gordon "Butch" Earley, Jr.

Roxanne Barton Conlin, U. S. Atty., Terry Wright, Asst. U. S. Atty., argued, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Gordon "Butch" Earley, Jr. appeals his conviction of bank larceny of the Grinnell State Bank in violation of 18 U.S.C. § 2113(a) & (e). The jury found defendant guilty on two counts. In Count I, he was found guilty of killing Dan Kriegel in the course of committing the larceny and in Count III, he was found guilty of killing Dawn Kriegel in the course of committing the larceny. The district court[1] entered a judgment of conviction "of the offense of violation of Title 18 U.S.C. § 2113(a) and (e)" and adjudged a single sentence of life imprisonment.

Earley seeks a new trial on the grounds that the indictment was multiplicious and his conviction after a jury verdict of guilty on two counts constituted double jeopardy, that certain evidence was erroneously admitted as a present sense impression or as an excited utterance, that polygraph results were erroneously barred from admission into evidence, and that evidence of a prior incident involving a witness was erroneously not admitted into evidence. The district court denied his motion for a new trial. We affirm the conviction.

Earley was convicted for his participation in the November 1979 larceny from a bank in Grinnell, Iowa, and the killing of Dawn and Dan Kriegel in connection therewith. His indictment contained four counts. Count I charged Earley with committing *bank larceny* of the Grinnell State Bank in violation of 18 U.S.C. § 2113(a) and (e) and killing Dan Kriegel in the course of the larceny. Count II charged Earley with *burglarizing* the Grinnell State Bank in violation of 18 U.S.C. § 2113(b) and (e) and killing Dan Kriegel in the course of the burglary. Count III charged Earley with committing *bank larceny* of the Grinnell State Bank in violation of 18 U.S.C. § 2113(a) and (e) and killing Dawn Kriegel in the course of the larceny. Count IV charged Earley with *burglarizing* the Grinnell State Bank and killing Dawn Kriegel in the course of the burglary.

Prior to trial, defendant moved to have Counts I and III dismissed and Counts II and IV merged. After a hearing, the district court denied the motion. At the close of both plaintiff and defendant's cases, the

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, presiding.

government voluntarily dismissed Counts II and IV. The jury returned a verdict of guilty on Counts I and III. Thereafter Judge Vietor gave Earley a life sentence.

Earley argues that the district court erred in denying his motion to dismiss and merge counts. He claims that there was only one offense with an enhanced penalty, regardless of the number of victims. He concludes that the indictment was multiplicious and prejudiced his right to a fair trial by unnecessarily compounding the crime. He also claims that the multiple counts led to multiple convictions thereby violating double jeopardy.

■ We do not find defendant's argument persuasive under the facts of this case. There was only one sentence given by the court. The evidence discloses there were two distinct killings. One occurred before and one after the bank larceny. The prosecution was justified in having evidence separately considered with respect to each death and its connection with the larceny of the bank. To force the prosecution to select one murder or, for that matter, to choose between bank larceny and burglary, would unduly hamper the prosecution's case.

We hold that there has been no multiplicious sentencing in this case. Earley was sentenced to a single life sentence. If there had been multiple sentences there might well be a sufficient basis for vacating all but one sentence. However, our court held in *Gerberding v. United States*, 471 F.2d 55, 58–59 (8th Cir. 1973), that an indictment is not multiplicious when it merely contains numerous counts alleging various violations of 18 U.S.C. § 2113. *United States v. Phillips*, 609 F.2d 1271, 1272–73 (8th Cir. 1979); *Gerberding v. United States, supra*, 471 F.2d at 58–59. We see no reason to change our position and we hold that the indictment was not multiplicious.

Defendant argues that even though the indictment may not fail as multiplicious, the conviction on more than one count was faulty because it violated double jeopardy. Defendant claims that it was erroneous to allow multiple convictions with concurrent sentencing. He claims that the double jeopardy bar prohibits multiple convictions regardless of whether they run concurrently or consecutively. *See Wright v. United States*, 519 F.2d 13 (7th Cir.), *cert. denied*, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975); *O'Clair v. United States*, 470 F.2d 1199 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973).

It has been the position of this circuit that the problem of multiplicity in 18 U.S.C. § 2113 offenses can be remedied by vacation of multiple sentences. *See United States v. Golay*, 560 F.2d 866 (8th Cir. 1977); *United States v. Delay*, 500 F.2d 1360, 1368 (8th Cir. 1974); *United States v. Pietras*, 501 F.2d 182, 187 (8th Cir. 1974). In a recent case, *United States v. Rust*, 650 F.2d 927 (8th Cir. 1981), appellant was convicted on two counts under 18 U.S.C. § 2113(a) which charged defendant with an attempt to enter a bank with intent to commit larceny and with entering the bank for the same purpose. Concurrent sentences were imposed. We held the court erred in entering a judgment of conviction on both counts and directed that judgment be vacated on one of the two counts.[2]

■ In the instant case, we are not presented with multiple convictions or multiple sentences. Although the jury returned a verdict of guilty on two counts, the court entered a judgment of conviction of a single offense and imposed a single sentence of life imprisonment. Appellant's claim of double jeopardy is without merit.

The second basis advanced by Earley for a new trial is that the district court erred in admitting testimony of Barb Whisenand regarding a statement Dawn Kriegel made after she received a phone call while she was with Whisenand. The event occurred on November 10, 1979, approximately two

**2.** Ordinarily vacation of sentence is tantamount to vacation of the judgment of conviction. "Final judgment in a criminal case means sentence." *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956); *Berman v. United States*, 302 U.S. 211, 212–13, 58 S.Ct. 164, 165–166, 82 L.Ed. 204 (1937).

days before her death, when Kriegel received a telephone call while she was at the American Legion Hall in Brooklyn, Iowa. The call apparently upset her. Immediately after hanging up the phone, she said to her mother, while Whisenand stood next to her,

Oh, Mom, what am I going to do? That sounded just like Butch.

Earley asserts that this statement is inadmissible hearsay because of its inherent untrustworthiness. Earley argues that it is impossible to determine from the statement whether Dawn meant that Earley was calling or that the caller was saying something that Earley would say.

■ Earley has not provided us with sufficient reason to hold that the district court's ruling was an abuse of discretion. The spontaneity of the statement in relation to the telephone call attests to its trustworthiness. Any question concerning the meaning of the statement is best left to the judgment of the jury. Therefore, because of the nature of the statement and its proximity to the event, we do not find the district court erred in admitting the evidence under Fed.R.Evid. 803(1) (present sense impression) or Fed.R.Evid. 803(2) (excited utterance). *See United States v. Iron Shell*, 633 F.2d 77, 85–86 (8th Cir. 1980).

Earley's third ground for a new trial is the asserted error committed by the district court's refusal to admit the results of polygraph tests performed on Merle and JoAnn Bennett. Before the prosecution would use their testimony, it caused polygraph tests to be performed. The tests resulted in a finding that Merle Bennett's responses were "substantially truthful." Prior to trial, the government received a written report from the examiner indicating that Merle Bennett, the government's principal witness and an accomplice, was "substantially telling the truth" when he denied killing the Kriegels.[3]

Following these results, the government entered into a plea bargaining agreement in exchange for Merle Bennett's cooperation. The prosecution did not attempt to enter the tests into evidence, but defendant sought to have the results admitted in order to attack them and thereby challenge the credibility of the Bennetts. Defendant made an offer of proof which indicated that at best the polygraph tests were inconclusive. Judge Vietor refused to admit the proffered evidence and denied the motion for new trial based thereon. *United States v. Earley*, 505 F.Supp. 117 (S.D.Iowa 1981).

■ Judge Vietor correctly applied the rule established in *United States v. Alexander*, 526 F.2d 161, 163–70 (8th Cir. 1975), which bars the admission of the results of polygraph tests. While the *Alexander* case does not permit polygraph results to be admitted, the situation presented in this case provides an especially weak basis for admission. The polygraph tests had been administered solely for investigatory purposes. The prosecution did not attempt to use the tests as evidence or as indicia of the trustworthiness of its witnesses.

The district court found that the plea agreement was properly admitted into evidence for the purpose of impeaching the credibility of Merle Bennett. It further found that the taking of the polygraph examination and the results thereof were not a part of the plea agreement. The court also found that the government made a timely disclosure concerning the polygraph tests to the defendant. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We have examined the record and are satisfied the district court's findings are amply supported and no abuse of discretion occurred in denying admission of the polygraph tests and results with respect to either Merle Bennett or JoAnn Bennett.

Earley's fourth ground for reversal is that the district court erred in refusing to allow him to present evidence that on one occasion in 1972–1974, when Merle Bennett was hunting stray dogs, he fired three shots

---

**3.** A polygraph test administered to JoAnn Bennett indicated some deception and that she was withholding information.

into a dog he had already killed. Defendant claims the evidence is sufficiently similar to the Kriegel deaths, because of evidence that postmortem wounds were inflicted with a firearm on the Kriegels' bodies, and that it should have been admitted on the issue of identity.

The district court did not abuse its discretion in excluding this evidence. The events were neither reasonably close in time nor sufficiently similar in nature to warrant their admission under Fed.R.Evid. 404(b). *See United States v. Engleman,* 648 F.2d 473, 478–79, 482–83 (8th Cir. 1981); *United States v. Frederickson,* 601 F.2d 1358, 1365 (8th Cir.), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979).

We affirm the district court's denial of Earley's motion for a new trial.