STATE OF NEBRASKA, APPELLEE, V. JOHN B. DAUGHERTY, APPELLANT.

337 N.W.2d 128

Filed July 29, 1983. No. 82-596.

Thomas C. Lansworth of Bauer, Galter & Geier, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

Appellant was charged in the county court for Sheridan County, Nebraska, with three counts of third degree assault, a Class I misdemeanor, Neb. Rev. Stat. § 28-310(1) (Reissue 1979). A jury returned a verdict of guilty as to all counts, and appellant was sentenced to consecutive terms of 6 months on count I, 6 months on count II, and 30 days on count III. On appeal to the District Court for Sheridan County that court affirmed the judgment. We reverse and remand.

On appeal several errors are urged, but we shall discuss only one, to wit, that the trial court erred in overruling objections to questions by the prosecution relating to a previous conviction of the appellant for illegal possession of a firearm after the appellant admitted the conviction. Neb. Rev. Stat. § 27-609 (Reissue 1979) provides in part: "(1) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment."

Prior to the effective date of the Nebraska Evidence Rules on January 1, 1976, the area of inquiry into past convictions for felonies was controlled by Neb. Rev. Stat. § 25-1214 (Reissue 1964): "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof."

In *State v. Lang*, 197 Neb. 47, 50, 246 N.W.2d 608, 611 (1976), we noted that under Rule 609 "Evidence of conviction of a crime is, in some respects, more limited, but is not restricted to felonies as such."

No case has arisen since the adoption of the rules of evidence concerning the scope of the inquiry allowed. "Under section 8848, Comp. St. 1922 [identical to § 25-1214], providing that a witness may be interrogated as to his previous conviction for a felony, but that no other proof is competent except the record thereof, a defendant in a criminal prosecution becoming a witness in his own behalf may be asked on cross-examination whether he has previously been convicted of a felony, and if he answers in the affirmative further examination along that line should cease. If he answers in the negative, he may be impeached only by the record of his conviction." (Syllabus of the court.) *Vanderpool v. State*, 115 Neb. 94, 211 N.W. 605 (1926).

The purpose of Rule 609 is to allow the prosecution to attack the credibility of a testifying defendant, not to retry him for a separate crime or prejudice the jury by allowing unlimited access to the facts of an unrelated crime, as the court in *Vanderpool* stated at 99, 211 N.W. at 607: "The right to inquire as to a previous conviction rests on the statute and is for the purpose only of affecting the credibility of the witness. A fair interpretation of the statute seems to permit the question whether the witness has ever been convicted of felony. If the witness answers in the affirmative the inquiry should end there, and thereafter it is improper to inquire into the nature of the crime or the details of the offense."

The county court, having permitted the prosecutor to inquire into the facts and circumstances of the previous felony, including an inquiry as to why the appellant pled guilty and whether there had been other charges filed, committed error. In our view, prejudicial error.

The appellant did not deny that the incident involved here took place but maintained that he acted in self-defense. His credibility was an important issue in the case. To permit it to be impeached be-

yond the express limits of the statute cannot be presumed to be harmless.

REVERSED AND REMANDED FOR A NEW TRIAL.

HASTINGS, J., concurring.

I am in full agreement with the result reached by the court in this instance. Also, I acknowledge that in this case we were faced with the situation where evidence of only one prior crime had been offered for impeachment purposes, and the author of the majority opinion quite properly limited his discussion to that single issue.

However, to the extent that one may misread this opinion as interpreting Neb. Rev. Stat. § 27-609 (Reissue 1979) to limiting the introduction of but *one* prior crime for impeachment purposes, I hasten to register my disagreement. No cases seem to have squarely faced this question. However, in *Swain v. State*, 621 P.2d 1181 (Okla. Crim. 1980), which construed a statute very similar to § 27-609, the court stated that it was not error to have allowed the prosecutor to impeach the defendant with his prior *convictions* for armed robbery and forgery.

Also, the Court of Appeals in *United States v. Rivers*, 693 F.2d 52 (8th Cir. 1982), spoke in terms of impeachment by evidence of prior *convictions* under Rule 609(a) of the Federal Rules of Evidence.

A determination of this question must be postponed to a later date when that issue is squarely presented.

BOSLAUGH, J., joins in this concurrence.