STATE OF NEBRASKA, APPELLEE, V. WELDON ROSS, APPELLANT.
374 N.W.2d 228

Filed September 20, 1985.    No. 84-856.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After trial to a jury the defendant, Weldon Ross, was convicted of assault by a confined person, a felony under Neb. Rev. Stat. § 28-932 (Cum. Supp. 1984). At a subsequent hearing he was determined to be a habitual criminal and

sentenced to 10 years' imprisonment. He has appealed and raises three assignments of error: (1) That there was insufficient evidence to support conviction; (2) That a mistrial should have been declared due to prosecutorial misconduct; and (3) That defendant should have received credit for presentence jail time.

On March 27, 1984, while confined to the Lancaster County jail and awaiting trial on other charges, the defendant struck Officer Michael Craft. At trial there was no dispute as to any fact other than whether Ross actually struck Officer Craft.

The three officers who were at the scene testified that Ross struck Officer Craft when Craft came to the aid of another officer who was attempting to persuade Ross to reenter his cell block following breakfast. Nine inmates of the jail testified for the defense. Their recollections of the event varied considerably, but they all testified that Ross did not exhibit aggressive behavior nor try to hit Officer Craft. Ross himself testified that he did not strike Officer Craft but that he told the officer to "get his fuckin' hands off of me" and pushed the officer's hands away.

The defendant contends the evidence was insufficient to support his conviction because the State's evidence consisted of substantially identical testimony by the three officers who were eyewitnesses. Defendant argues that this testimony should be discredited as a matter of law because it was coordinated. In effect, the defendant asks this court to weigh the credibility of the testimony adduced at trial.

> "In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it."

*State v. Rolling*, 209 Neb. 243, 248, 307 N.W.2d 123, 126 (1981); *State v. Fix*, 219 Neb. 674, 365 N.W.2d 471 (1985); *State v. Smith*, 219 Neb. 176, 361 N.W.2d 532 (1985).

The defendant also attacks the sufficiency of the evidence because the trial court rejected an offer of proof made by

defense counsel. The offer consisted of the testimony of an inmate who claimed to have overheard a conversation during which Officer Craft allegedly stated that he wanted to make sure the reports "jibed" so that he would not have any problem with the case. The testimony was offered to affect the credibility of the officer. The testimony was objected to on the grounds of lack of foundation as well as hearsay.

Generally, "a ruling on evidence of a collateral matter but intended to affect the credibility of a witness falls within the discretion of a trial court, and absent an abuse of discretion, a trial court's ruling on such evidence is not grounds for reversal." *State v. Williams*, 219 Neb. 587, 590, 365 N.W.2d 414, 416 (1985). On the record presented there was no abuse of discretion in the ruling on the offer of proof. The inmate had testified that he did not see the altercation involving Ross nor could he say for sure that the conversation he overheard was in reference to the Ross incident. The trial court's ruling is not grounds for reversal.

As the second assignment of error, the defendant contends that the record is replete with examples of prosecutorial misconduct and that the trial court erred in not declaring a mistrial. The defendant, however, has cited only four specific instances that were objected to at trial and are properly before this court on appeal. Defendant cites the following three statements made by the prosecutor: "Well, he's your witness, Mr. Ross," "That's correct," and "That's pretty accurate. I appreciate that"; and the prosecutor's offer of a police report containing hearsay. In all four instances defense counsel objected, and the objections were sustained. The statements were stricken from the record, and the jury was advised to disregard the prosecutor's remarks. Additionally, the jury was instructed that "[y]ou should not be influenced by statements of counsel not supported by the evidence."

While the granting of a mistrial is within the discretion of the trial court, "Before it is necessary to grant a mistrial due to prosecutorial misconduct, the defendant must show that a 'substantial miscarriage of justice has actually occurred.' " *State v. Wounded Arrow*, 207 Neb. 544, 548, 300 N.W.2d 19, 22 (1980). Furthermore, Neb. Rev. Stat. § 29-2308 (Cum. Supp.

1984) provides that "[n]o judgment shall be set aside, or new trial granted . . . for error as to any matter of pleading or procedure, if the Supreme Court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred."

The defendant has failed to show a substantial miscarriage of justice. As this court has stated previously, "Although the prosecutor was less than artful at times, it does not appear that his conduct was meant to, or did, inflame the prejudices or excite the passions of the jury against the defendant." *State v. Tiff*, 199 Neb. 519, 529, 260 N.W.2d 296, 302 (1977).

In the present case the prosecutor's statements did not directly relate to the guilt or innocence of defendant, nor did they impair defendant's right to a fair trial. As Justice Brennan of the U.S. Supreme Court has stated, "an objection followed by admonition or instruction is typically presumed to be sufficient to dispel prejudice." *United States v. Young*, ____ U.S. ____, 105 S. Ct. 1038, 1051 n.2, 84 L. Ed. 2d 1 (1985) (Brennan, J., concurring in part and dissenting in part). Since the statements were stricken from the record, the jury was admonished to disregard the prosecutor's comments, and the jury was instructed not to consider such comments as evidence, the trial court did not abuse its discretion.

Lastly, the defendant assigns as error the fact that he was denied credit for presentence jail time by the trial court. Ross was sentenced for assault by a confined person, a violation of § 28-932, but the sentence was enhanced under Neb. Rev. Stat. § 29-2221 (Reissue 1979), the habitual criminal statute. Ross received the statutory minimum sentence of 10 years upon the finding that he was a habitual criminal.

Sentencing is within the discretion of the trial court, and absent an abuse of that discretion, this court will not modify the sentence imposed. *State v. Bargen,* 219 Neb. 416, 363 N.W.2d 393 (1985). The granting of presentence jail time credit is within the trial court's discretion except where the statutory maximums are exceeded. *Addison v. Parratt,* 208 Neb. 459, 303 N.W.2d 785 (1981); *State v. Knight, ante* p. 666, 371 N.W.2d 317 (1985). This court has repeatedly held that a sentence imposed within statutory limits will not be disturbed on appeal

unless the trial court abused its discretion. *State v. Ruzicka*, 218 Neb. 594, 357 N.W.2d 457 (1984).

Section 28-932(2) provides that credit for time spent in custody prior to sentencing shall not be granted "unless the time in custody is solely related to the offense for which the sentence is being imposed under this section."

The defendant is 35 years of age. He has a lengthy record of criminal behavior including crimes of violence and homicide. It was within the discretion of the trial court in this case to deny credit for jail time prior to sentencing.

The judgment of the district court is affirmed.

AFFIRMED.