STATE OF NEBRASKA, APPELLEE, V. TIMOTHY J. BRIDGER,
APPELLANT.
388 N.W.2d 831

Filed June 20, 1986.   No. 85-772.

John H. Albin of Treadway, Bird & Albin, P.C., for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

The defendant, Timothy J. Bridger, appeals his conviction for burglary in the district court for Nance County. We reverse and remand for a new trial.

A break-in occurred at the home of Douglas Smith in Belgrade, Nance County, Nebraska. A window was broken and a Beer Nuts can containing an unspecified amount of change was taken. Several days before the break-in was reported, but after Smith noticed the disappearance of the money, the defendant cashed in approximately $40 worth of change at a bank in a neighboring town. The Nance County sheriff's office was informed of that transaction, and thereafter Bridger was brought in for questioning.

Sheriff King read the *Miranda* warnings to the defendant and then asked him to read and sign a paper containing the advisory warning. Bridger looked at the paper, and, in spite of the fact that he could not read, he signed it. The defendant was interrogated, and, according to the sheriff and his deputy, Bridger gave a number of stories concerning the break-in, from not having anything to do with it to confessing to breaking in and stealing the money. The report of the interrogation, as prepared by Deputy Applegate, indicated that while the defendant admitted to taking the money, he never admitted to breaking into the house to take money.

After Bridger was questioned he was taken back to his trailer home. Deputy Applegate asked him to retrieve the container that the coins had been in, and the defendant went outside and brought back a Beer Nuts can. In addition, Bridger handed over $3 worth of 50-cent pieces that he said belonged to the victim.

Bridger was charged with burglary, and prior to trial a hearing was held on defendant's motion to suppress all statements and evidence obtained from the defendant at the time of his interrogation, due to alleged violations of his 5th, 6th, and 14th amendment rights. The motion was overruled and a jury trial was held.

A jury instruction conference was held, and defense counsel

objected to instruction No. 8, which defined key elements of the crime. The court overruled the objection and rejected the proposed instruction of the defense. The jury found Bridger guilty of burglary, and he was sentenced to the Nebraska Penal and Correctional Complex for 18 months to 3 years at hard labor.

The defendant claims error in that (1) the trial court allowed into evidence the *Miranda* warnings paper that was signed by the defendant, (2) the court failed to direct a verdict for the defendant or grant a new trial when there was insufficient evidence to convict, (3) the court submitted instruction No. 8 to the jury, which varied from the applicable Nebraska jury instruction, and (4) the sentence was excessive.

Before addressing the defendant's arguments, we will address the contention of the State that the appeal was not timely filed. Neb. Rev. Stat. § 25-1912 (Reissue 1985) requires that an appeal be filed within 1 month after the rendition of the judgment or within 1 month from the overruling of a motion for a new trial. In the instant case the order overruling defendant's motion for a new trial was filed on August 8. The defendant filed his appeal on September 9.

Defendant's appeal was timely because September 8, 1985, fell on a Sunday, and consequently the defendant was afforded an extra day to file. Neb. Rev. Stat. § 25-2221 (Reissue 1985).

The defendant's first argument is that the trial court committed reversible error by allowing into evidence exhibit 2, the *Miranda* warnings sheet which was signed by the defendant. It is important to note that the defense does not attack the *Miranda* warnings as given to the defendant nor seek to exclude any statements given by Bridger. Rather, he argues only that exhibit 2 should have been excluded because there is insufficient foundation to show that the document was knowingly and intelligently executed.

The foundational objection is without merit. The State established that the document was used to read the defendant his rights and that the defendant in fact took the paper and signed it. The State laid proper foundation in showing that the defendant was informed of his rights and that he waived his rights, both of which are necessary prerequisites to the

admission into evidence of the defendant's confession. The fact that the defendant could not read in no way invalidated the police officer's action in properly informing Bridger of his *Miranda* rights.

Even though the exhibit may have been irrelevant, the defendant suffered no prejudice by its reception into evidence. "The admission into evidence of the confession constitutes an independent determination by the trial court that the confession was voluntarily made. Such determination will not be set aside on appeal unless 'clearly erroneous.' " *State v. Hunt*, 212 Neb. 304, 307-08, 322 N.W.2d 624, 628 (1982). The exhibit simply tended to show that the defendant had been apprised of his constitutional rights. In light of the testimony of the law enforcement officers and the admission by the defendant that he was read his rights, the exhibit is cumulative and its admission did not prejudice the defendant.

Secondly, Bridger argues that the evidence presented was insufficient to convict him, and consequently the trial court should have either directed a verdict or granted a new trial.

> "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty."

*State v. Smith*, 219 Neb. 176, 180, 361 N.W.2d 532, 535 (1985).

A summary of the relevant evidence indicates that the victim had a can of change which he kept in a drawer; the money disappeared between August 18 and 20; the victim noticed a broken window and black marks on the wall; the defendant cashed approximately $40 worth of coins at a nearby bank on August 21; and, according to law enforcement officers, the defendant confessed to breaking into the house and stealing the coins. Viewing the evidence as a whole, the State presented competent evidence on all essential elements of the crime of burglary, and the defendant's motion was properly overruled. Additionally,

> "[i]n determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve

conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it."

*State v. Ross*, 220 Neb. 843, 844, 374 N.W.2d 228, 229 (1985). The verdict of the jury was supported by competent evidence, and, resultingly, the defendant was not entitled to a new trial.

Bridger's third assignment of error urges that the trial court erred in using its own instruction No. 8 rather than defendant's proffered instruction, which was identical to NJI 14.10. We have held as recently as *State v. Dush*, 214 Neb. 51, 332 N.W.2d 679 (1983), that it is error to refuse requested instructions containing correct propositions of law which are applicable to the issues in the case and which are not covered in the instructions given to the jury.

The rules by which this court adopted the Nebraska Jury Instructions state:

(a) Whenever Nebraska Jury Instructions (NJI) contains an instruction applicable in a Civil or Criminal Case, and the Court, giving due consideration to the facts and the prevailing law, determines that the jury should be instructed on the subject, the Nebraska Jury Instruction *shall be used*.

(Emphasis supplied.) NJI at ix.

Instruction No. 8 given by the court defined, as one of the elements of the crime of breaking and entering, the word "breaking" as follows:

A "breaking" necessary to constitute the crime of burglary may be any act of physical force, however slight, by which the obstruction to the entering is removed. The lifting of a hook with which a door is fastened, or the opening of a closed door, or removal of a window, is a "breaking."

On the other hand, by his requested instruction No. 8 the defendant requested the exact language of NJI 14.10, which provides: " 'Breaking and Entering' is defined as any act of physical force, however slight, by which entrance is gained into

a public or private building." This, of course, is an accurate statement of the applicable law.

The defendant seems to argue that the court, by including within its definition of "breaking" one of the exact acts which defendant committed in gaining access to the house, thus unduly highlighted a specific action which the defendant had taken, rather than confining itself to a general statement of the law. We agree that such a gratuitous statement by the trial court was unwarranted.

However, the mere fact that a jury instruction contains some specific reference to that act of which the defendant is accused is not per se prejudicial. All of the instructions given must be read together, and if taken as a whole correctly state the law and are not misleading and adequately cover the issues, there is no prejudicial error. *State v. Bartholomew*, 212 Neb. 270, 322 N.W.2d 432 (1982).

Although not specifically argued, but nonetheless examinable under a general objection to the instruction, is the failure of the court to include within its instruction No. 8 a definition of the word "steal," also an essential element of the crime of breaking and entering as it was submitted to this jury. The trial court neglected to follow NJI 14.10 and as a result omitted that definition. The defendant, by his requested instruction taken directly from NJI 14.10, included " 'Steal' is defined as a taking without right or leave, with intent to keep wrongfully."

It might be argued that the word "steal" has such a generally understood and accepted meaning that no instruction was necessary. However, the same could be said for the words "willfully," "purposely," "building," and "property," all of which definitions were included in the court-given instruction.

We apparently have no specifically applicable case in Nebraska on this question. However, in *State v. Deschamps*, 118 Mont. 566, 571, 168 P.2d 335, 338 (1946), that court stated:

As is said in Pearce v. State [citation omitted]: "To 'steal' anything ordinarily needs no explanation. The term itself imports a wrongful taking and appropriation of the property of another to the taker's own use and benefit. The giving of such definition is unnecessary *where it is not*

*requested. . . ."*
(Emphasis supplied.)

To the same effect is *Doyle v. State*, 144 Ga. App. 827, 243 S.E.2d 92 (1978), which stated in substance that a trial court did not err in failing, without request, to define "theft" as alleged in a burglary prosecution.

We hold that where a trial court fails, after specific request by the defendant, to define a word which makes up an essential element of the crime charged, such failure is prejudicial error requiring reversal.

Lastly, the defendant complains that the sentence is excessive. Burglary is classified as a Class III felony and is punishable by incarceration from 1 to 20 years and/or a fine of up to $25,000. Neb. Rev. Stat. §§ 28-507(2) and 28-105(1) (Reissue 1985). Bridger was sentenced to a term of 18 months to 3 years. "This court has consistently held that, in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal." *State v. Dillon*, 222 Neb. 131, 136, 382 N.W.2d 353, 357 (1986). The sentence is clearly within the statutory limits, and we find no abuse of the trial court's discretion in this regard.

However, for the reasons earlier set forth in this opinion, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.