STATE OF NEBRASKA, APPELLEE, V. BILLY ROY TYLER, APPELLANT.
407 N.W.2d 200

Filed June 12, 1987.  No. 86-798.

Billy Roy Tyler, pro se.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Billy Roy Tyler appeals the decision of the district court for Douglas County, denying Tyler's motion for postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 1985). We affirm.

While incarcerated in the Douglas County Corrections Center, Tyler was found by correctional officers to be in possession of hashish. Tyler was charged with unlawfully and knowingly or intentionally possessing a controlled substance other than marijuana, namely, tetrahydrocannabinol (hashish).

Possession of a controlled substance, other than marijuana, is a Class IV felony, punishable by up to 5 years' imprisonment, or a fine of $10,000, or both. See Neb. Rev. Stat. §§ 28-105 and 28-416 (Reissue 1985). After being fully advised of his constitutional rights, Tyler, pro se, entered a plea of "no contest" to the charge. From evidence presented when Tyler entered his "no contest" plea, the court determined there was a factual basis underlying the plea and accepted Tyler's plea. Later, the court sentenced Tyler to the Nebraska Penal and Correctional Complex for a period of not less than 20 months nor more than 5 years.

On July 18, 1986, we affirmed Tyler's conviction and sentence, finding that the plea of no contest was made freely, knowingly, and voluntarily, and that the sentence imposed was within statutory limits and free of an abuse of discretion. See *State v. Tyler*, 223 Neb. 473, 390 N.W.2d 40 (1986).

On July 22, 1986, Tyler, pro se, filed a motion for reduction of sentence in the district court for Douglas County pursuant to Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1986), claiming that his sentence of 20 months to 5 years was cruel and unusual punishment in violation of the eighth amendment to the U.S. Constitution. The district court overruled Tyler's motion. Tyler did not file a notice of appeal regarding disposition of his motion for reduction of sentence.

On August 26, 1986, Tyler, again pro se, filed a "Motion for Vacation of Sentence" and requested postconviction relief under § 29-3001. Tyler moved to have his conviction and sentence set aside, arguing that evidence was insufficient to establish possession of a controlled substance because there was no evidence before the court showing that the hashish which Tyler possessed was 10 percent or more by weight of tetrahydrocannabinols (THC), as required by Neb. Rev. Stat. § 28-401(34) (Reissue 1985). On September 9, 1986, the district court, after reviewing the files and records of Tyler's case, found that Tyler was not entitled to postconviction relief, refused to order an evidentiary hearing, and, therefore, overruled Tyler's motion for postconviction relief. On September 15, Tyler filed a "Motion to Reconsider," which, under the circumstances, we construe to be a motion for new

624

trial, asking the district court to reconsider its order of September 9 and arguing the same grounds for relief, insufficiency of evidence concerning the percentage of THC contained in the hashish in Tyler's possession. Tyler's motion to reconsider was overruled by the district court on September 17, 1986. On September 23, Tyler filed a notice of appeal in the district court, appealing the orders entered on September 9 and 17, 1986.

Tyler's pro se briefs filed in support of his appeal do not raise any issues adjudicated in reference to his motion for postconviction relief, but, rather, argue that Tyler's sentence of 20 months to 5 years is cruel and unusual punishment in violation of the eighth amendment to the U.S. Constitution. Tyler also filed several motions in this court, seeking to have the issues on appeal changed so that his appeal relates to the district court's overruling Tyler's motion for a reduced sentence, which raised the eighth amendment issue.

Tyler's motion for reduction of sentence was overruled by the district court on July 22, 1986. In order for this court to obtain jurisdiction to hear an appeal of the district court's judgment overruling Tyler's motion for reduction of sentence, it was necessary for Tyler to have filed a notice of appeal in the district court within 1 month after the court's order was entered on July 22. See, Neb. Rev. Stat. § 25-1912 (Reissue 1985); *State v. Bridger*, 223 Neb. 250, 388 N.W.2d 831 (1986). No notice of appeal was filed concerning disposition of Tyler's motion for reduction of sentence. Therefore, this court has no jurisdiction to address any issues raised by Tyler in his motion for a reduced sentence.

Tyler's brief neither assigns as error nor discusses any issues or rulings by the district court regarding his motion for postconviction relief. The Supreme Court's consideration of an appeal is limited to errors assigned and discussed in the appellant's brief. See, Neb. Ct. R. of Prac. 9D(1)d (rev. 1986); *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). Therefore, the judgments of the district court on September 9 and 17, 1986, denying postconviction relief for Tyler, are affirmed.

AFFIRMED.