STATE OF NEBRASKA, APPELLEE, V. ROGER H. JOHNSON, APPELLANT.

413 N.W.2d 897

Filed October 9, 1987.   No. 86-997.

Thomas L. Spinar, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Following a trial by jury, the defendant was convicted of the felony offense of issuing an insufficient-fund check. He appeals to this court, claiming as error the failure of the trial court to declare a mistrial based on misconduct of the prosecuting attorney. We reverse and remand for a new trial.

The defendant, on January 18, 1986, issued a check for $15,534 to Jack Keef Motors to pay for a motor vehicle which he had purchased. The defendant had insufficient funds in his checking account to pay the check. He failed to make good on the check after being contacted by both the auto dealership and the county attorney.

Defendant's defense was that he issued a check which he claimed the dealership had agreed to accept and hold. Following his failure to pay the check, the dealership repossessed the vehicle and held it for a period of 30 days before otherwise disposing of it.

The dealership denied that it had been asked by the defendant to hold the check for a definite period of time. Thus, the critical issue for the jury to determine was the credibility of the defendant.

The defendant's claim of error relates to certain questions propounded to the defendant by the prosecutor. First of all, the

prosecutor asked these questions:

Q. Have you ever sold securities?

A. No.

Q. Ever sold unregistered securities?

MR. SPINAR: Objection. This is irrelevant.

THE COURT: I am not sure about the relevance. I'd have to be advised on the matter. Approach the bench.

MR. CONNER [Prosecutor]: Well, I will withdraw the question.

Q. (By Mr. Conner) Where were you employed during the year of 1985?

MR. SPINAR: Objection. I don't see that that is relevant.

THE COURT: He may answer.

THE WITNESS: The year of 1985, I wasn't employed.

Q. (By Mr. Conner) You weren't employed?

A. No.

Q. Why?

MR. SPINAR: Objection, Your Honor. I don't think this is relevant.

Objection. Beyond the scope of direct examination.

THE COURT: Approach the bench.

. . . .

Q. (By Mr. Conner) Were you in prison in the months of January to June of 1985[?]

MR. SPINAR: Objection, Your Honor.

THE COURT: Sustained.

MR. SPINAR: Your Honor, I move for a mistrial on the grounds that counsel has deliberately sought to inflame the jury. It is prejudicial testimony.

. . . .

(Discussion off-the-record.)

In a later discussion in the absence of the jury, the motion for mistrial was overruled, but the court stated that the question relating to defendant's having been in prison was an improper question. However, because, as the court reasoned, the county attorney could have asked the defendant if he had been convicted of a felony, and the court understood that such was the case, the court felt there was no prejudice. The court then

instructed the jury that such a question was improper and should be disregarded, which instruction was agreed to by the defendant's counsel.

It is quite apparent from the line of questioning employed by the prosecuting attorney that he was trying to get across to the jury that the defendant had been imprisoned for selling unregistered securities, which might be a similar type offense to writing an insufficient-fund check. However, his method utilized was wholly improper and is to be condemned.

The Nebraska Evidence Rules are quite specific. Neb. Rev. Stat. § 27-609 (Reissue 1985) permits the offer of evidence of a witness' having committed a crime punishable by death or imprisonment of more than 1 year, or a crime which involved dishonesty or false statement regardless of the punishment, provided that not more than 10 years have elapsed since the date of such conviction or of the release of the witness from confinement, whichever is the later date. Once having established the conviction, the inquiry must end there, and it is improper to inquire into the nature of the crime, the details of the offense, or the time spent in prison as a result thereof. *State v. Daugherty*, 215 Neb. 45, 337 N.W.2d 128 (1983).

In *State v. Archbold*, 217 Neb. 345, 351, 350 N.W.2d 500, 504 (1984), this court stated as follows:

> In order to prevent defeat of justice or to further justice during a jury trial, a mistrial is generally granted at the occurrence of a fundamental failure preventing a fair trial in the adversarial process. Some examples are an egregiously prejudicial statement by counsel, the improper admission of prejudicial evidence, or the introduction of incompetent matters to the jury, *to the extent that any damaging effect cannot be removed by proper admonition or instruction to the jury*.

(Emphasis supplied.) See, also, *State v. Borchardt*, 224 Neb. 47, 395 N.W.2d 551 (1986).

As previously stated, the credibility of the defendant as a witness was the critical issue in this case. The so-called "poison" having been injected into the case by the prosecutor, either deliberately or because of a lack of knowledge of the rules of evidence, it is problematical whether the defendant could have

received a fair trial.

It must be impressed upon the State that this court will not continually search for ways to extricate the prosecution from the results of its own misconduct by labeling such action "harmless error."

The judgment of the district court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.