STATE OF NEBRASKA, APPELLEE, V. MICHAEL G. GARZA, APPELLANT.

459 N.W.2d 747

Filed August 31, 1990.   No. 89-692.

Alan G. Stoler for appellant.

Robert M. Spire, Attorney General, and Alfonza Whitaker for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

Following a jury trial in district court, the defendant, Michael G. Garza, was found guilty of attempted first degree sexual assault and sentenced to 4 to 6 years in prison. He now appeals to this court.

This case was consolidated for trial with a companion case, in which the defendant's cousin, Steven R. Garza, was charged with and found guilty of attempted first degree sexual assault and sentenced to 4 to 6 years in prison. A detailed statement of the facts may be found in that opinion. See *State v. Garza, ante* p. 202, 459 N.W.2d 739 (1990).

The defendant contends the trial court erred in not severing the two cases. He claims he was prejudiced because the defendants had conflicting defenses in that Steven claimed that although he was involved in an assault on the victim, he did not attempt a sexual assault on her, and Michael claimed in this case that he was not involved in any altercation with the victim because he was not there. The defendant also claims that he was prejudiced by the joint trial because Steven's credibility was attacked by the prosecutor's questioning regarding Steven's conviction for giving false information to a police officer.

The defendant made no factual showing that prejudice would result from failure to grant his motion for severance, and his argument that the jury was confused by the defenses of the codefendants is merely speculation. There was no testimony by Steven which tended to implicate Michael. In fact, Steven's testimony tended to exculpate Michael.

The right to a separate trial depends on a showing that a joint trial will result in prejudice. *State v. Clark*, 189 Neb. 109, 201 N.W.2d 205 (1972). Absent a showing of an abuse of discretion, the trial court's denial of separate trials will not be disturbed on appeal. See *State v. Clark, supra*.

The defendant also claims that he was prejudiced because of the trial court's failure to declare a mistrial following the prosecutor's further inquiry into Steven's conviction of giving false information to a police officer because the credibility of Steven's testimony that the defendant had no involvement was called into question. The defendant's claim is without merit.

Under Neb. Rev. Stat. § 27-609 (Reissue 1989), the credibility of a witness may be attacked by establishing that the witness was previously convicted of a felony or a crime involving dishonesty or a false statement; however, "the inquiry must end there, and it is improper to inquire into the nature of the crime, the details of the offense, or the time spent in prison as a result thereof." *State v. Johnson*, 226 Neb. 618, 621, 413 N.W.2d 897, 898 (1987).

Although the prosecutor's further inquiry into Steven's conviction was improper, the error was harmless beyond a reasonable doubt as to the defendant in this case. The purpose of § 27-609 is to allow the credibility of a witness' testimony to be attacked. Steven himself admitted on direct examination that he had been convicted of "false information," thus casting doubt as to his credibility.

The prosecutor's further inquiry into Steven's conviction was not unfairly prejudicial to the defendant in this case. It cannot be said that the conduct of the prosecutor and the trial court's failure to declare a mistrial "materially influence[d] the jury in a verdict adverse to a substantial right of the defendant." See *State v. Friend*, 230 Neb. 765, 769, 433 N.W.2d 512, 515 (1988).

The defendant also alleges it was error for the trial court to allow Officer Michael Hoch to testify regarding Carl Ziemba's race and whether Ziemba was a suspect. He argues Hoch's testimony goes to an ultimate issue in the case and should not have been allowed, citing *State v. William*, 231 Neb. 84, 91, 435 N.W.2d 174, 179 (1989), which held:

"Opinion testimony by a lay witness is permitted only where it is rationally based on the perception of the witness and it is helpful to a clear understanding of his [or her] testimony or the determination of a fact in issue. . . . It is generally admissible where it is necessary and advisable as an aid to the jury, but it should be excluded whenever the

point is reached at which the trier of fact is being told that which it is itself entirely equipped to determine. . . ."

However, the codefendant made the question of whether Ziemba was involved an issue. Hoch testified as to why Ziemba was not considered a suspect by the police in the case, the reason being that the victim had described her attackers as Hispanic, and Ziemba was not Hispanic but Caucasian. This testimony was relevant to a determination of a fact put in issue by the codefendant.

The defendant proposed the following instruction, which was refused by the trial court:

The identity of the Defendant as the perpetrator of the crime charged is a material element of the offense herein. The State has the burden of proving identity beyond a reasonable doubt. Therefore, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant as the perpetrator of the offense before you can convict him.

Identification testimony is an expression of belief or impression by a witness. In evaluating the identification testimony of a witness, you should consider, among other things, (1) the opportunity and capacity each witness had to observe the offender; (2) whether the identification made by the witness subsequent to the offense was the product of his own recollection; (3) whether a witness's identification testimony at trial is affected by a prior identification of the Defendant, or prior failure to identify the Defendant; (4) the length of time that elapsed between the occurrence of the crime and the first opportunity of the witness to see the Defendant or his photograph; (5) the credibility of each witness pursuant to Instruction No. _____.

The burden of proof on the State extends to every element of the crime charged and this specifically includes the burden of proving beyond a reasonable doubt the identity of the Defendant as the perpetrator of the crime or crimes with which he stands charged. If, after examining all the testimony, you are satisfied as to the accuracy of the identification of the Defendant, you

should find him guilty; on the other hand, if you have a reasonable doubt as to the accuracy of the identification of the Defendant, you must find him not guilty.

The defendant contends the trial court erred in refusing the requested instruction; however, " '[t]he trial court may refuse to give a requested instruction where the substance of the request is covered in the instructions given.' " *State v. Samuels*, 205 Neb. 585, 594, 289 N.W.2d 183, 188 (1980) (quoting *State v. Bear Runner*, 198 Neb. 368, 252 N.W.2d 638 (1977)). The trial court instructed on the material elements of the crime, proof beyond a reasonable doubt, credibility of the witnesses, and alibi. The substance of the defendant's requested instruction was covered by these instructions, and it was not error to refuse it.

The defendant contends the trial court erred in failing to grant his motion for new trial. The basis for the motion was alleged irregularities occurring in the jury deliberations and instructions from the court. The defendant alleges the jury had concluded that they could not reach a verdict, and that information was not conveyed to his counsel. There is nothing in the motion or the record to substantiate the defendant's claim. Without a showing in the record that an improper communication with the jury took place, there can be no finding of error. See *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984). The trial court did not abuse its discretion in refusing to grant a new trial on that basis.

The defendant also contends that the trial court erred in failing to submit to the jury instructions on the lesser-included offenses to attempted first degree sexual assault. For the reasons set forth in *State v. Garza, ante* p. 202, 459 N.W.2d 739 (1990), this assignment is without merit.

Finally, the defendant contends that the sentence imposed by the trial court is excessive. The jury found the defendant guilty of a crime of violence in which the victim was injured. An order imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989). The defendant was convicted of a Class III felony, for which the statute provides 1 to 20 years' imprisonment. See

Neb. Rev. Stat. § 28-105 (Reissue 1985). The defendant was sentenced to 4 to 6 years' imprisonment. We find no abuse of discretion.

The judgment is affirmed.

AFFIRMED.