STATE OF NEBRASKA, APPELLEE, V. LEONARD STUBBLEFIELD,
APPELLANT.

509 N.W.2d 243

Filed December 7, 1993.    No. A-93-012.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and David Arterburn for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

CONNOLLY, Judge.

This appeal arises from the conviction of the appellant, Leonard Stubblefield, for possession of a controlled substance. Stubblefield argues that evidence on which he was convicted should have been suppressed because it was obtained in a search of his vehicle that was tainted by a prior illegal search of his person. Stubblefield also argues that the trial court erred in rejecting his explanation that, unknown to him, someone else must have left the contraband in his vehicle. We affirm.

## I. FACTS

Uniformed Omaha police officer Donald Ficenec and his partner were patrolling the Pleasantview West housing project

in Omaha in their police cruiser at approximately 6:50 one evening when they encountered a vehicle parked illegally. The vehicle was facing south in the northbound traffic lane and was obstructing northbound traffic, forcing it into the southbound lane. After being forced into the southbound lane themselves and passing by the illegally parked vehicle, the officers turned their cruiser around, pulled up behind the vehicle, activated their emergency lights, and conducted a traffic stop for obstruction of traffic and driving on the wrong side of the street.

Officer Ficenec testified that "extremely darkly tinted" windows prevented him from seeing inside the vehicle as he approached it. The driver, Stubblefield, was the sole occupant of the vehicle. Officer Ficenec described Stubblefield as "very upset" and "very belligerent" at having been stopped by police. Officer Ficenec asked Stubblefield for identification and returned to the cruiser to run a data check on Stubblefield. Stubblefield's computerized criminal record was reviewed by a police operator, who radioed back that Stubblefield was a convicted felon on either parole or probation and was considered dangerous.

Officer Ficenec returned to Stubblefield's vehicle and asked Stubblefield if he would step out of the vehicle so that the officers could search him for weapons. Stubblefield complied, and the officers patted him down for weapons. None were found. The officers then asked Stubblefield for permission to search his vehicle for weapons.

In a pretrial hearing on a motion to suppress evidence seized from Stubblefield's vehicle, Officer Ficenec testified that Stubblefield consented to the search of the vehicle. At trial, Stubblefield testified that he did not recall the officer's asking for permission to search the vehicle and that Officer Ficenec said that he did not need Stubblefield's permission to search the vehicle. Upon looking inside the vehicle, Officer Ficenec found what appeared to be a piece of crack cocaine approximately the size of a grain of rice on the front passenger seat. A field test confirmed Officer Ficenec's belief that the substance was crack cocaine. Stubblefield was arrested and charged with possession of a controlled substance in violation of Neb. Rev. Stat.

§ 28-416(3) (Cum. Supp. 1992).

Stubblefield filed a motion to suppress the evidence seized during the search of the vehicle on grounds that the searches of Stubblefield's person and vehicle were unconstitutional. The trial court found that the initial detention of Stubblefield was justified because he was breaking the law, that the search of Stubblefield's person was justified because of Stubblefield's belligerent attitude and because police records indicated that he was dangerous, and that the search of the vehicle was justified by Stubblefield's consent. The court concluded that "there was probable cause here to stop the automobile, to detain the defendant, to search the defendant, and to search the car." The motion to suppress was overruled.

In a trial to the court, Stubblefield testified that he had not been aware that there was crack cocaine in the vehicle. Although he owned the vehicle, he testified that he often gave rides to other people and that he allowed other people to use the vehicle. Swabs of Stubblefield's hands for crack cocaine residue were negative.

The court found that Stubblefield had consented to the search of the vehicle and stated that "[t]he crack cocaine was found in the defendant's car and was undoubtedly in plain view, so it would undoubtedly be considered as in the defendant's possession." The court then found that Stubblefield was guilty of unlawful, knowing, and intentional possession of crack cocaine. According to the journal of the court, Stubblefield was sentenced to a prison term of 18 months to 5 years.

## II. ASSIGNMENTS OF ERROR

Stubblefield argues that the trial court erred in overruling the motion to suppress evidence found during an illegal search of his vehicle and in finding Stubblefield guilty when there was a reasonable explanation for the presence of the crack cocaine that supported Stubblefield's claim of innocence.

## III. STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is to be upheld on appeal unless its findings are clearly erroneous. *State v. Hicks*, 241 Neb. 357, 488 N.W.2d 359 (1992).

In deciding whether the trial court's findings on a motion to

suppress are clearly erroneous, the reviewing court recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed the witnesses testifying regarding the motion. *State v. Kimminau*, 240 Neb. 176, 481 N.W.2d 183 (1992).

Factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong. *State v. Wilson*, 238 Neb. 217, 469 N.W.2d 749 (1991).

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of an appellate court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. *State v. Peterson*, 242 Neb. 286, 494 N.W.2d 551 (1993).

A conviction in a bench trial of a criminal case must be sustained on appeal if the evidence, viewed and construed in the light most favorable to the State, is legally sufficient to support that conviction. *State v. Timmerman*, 240 Neb. 74, 480 N.W.2d 411 (1992).

## IV. ANALYSIS

### 1. MOTION TO SUPPRESS

There was nothing wrong with the stop and initial detention of Stubblefield. He was committing a traffic violation. At the hearing on the motion to suppress, Stubblefield did not contest Officer Ficenec's testimony that Stubblefield had consented to the search of the vehicle. Stubblefield argues that the motion should have been granted because the search of his person constituted an illegal detention that invalidated the consent given for the subsequent search of the vehicle.

In order to conduct a frisk for weapons, an officer need not be certain that a suspect is armed; the issue is whether a reasonably prudent person in the same circumstances would have believed that his or her safety or the safety of others was threatened. *State v. Caples*, 236 Neb. 563, 462 N.W.2d 428 (1990). In justifying the intrusion, the officer must be able to point out specific and articulable facts which, together with rational inferences from those facts, reasonably warrant the intrusion. *Id*. Officer Ficenec stopped a traffic violator in an

area described by the court as "a high drug area." The windows of the vehicle were so darkly tinted that the officer could not see persons or activities inside the vehicle as he approached it. The driver of the vehicle was upset and belligerent at having been stopped by police. Then the officer discovered that Stubblefield was a convicted felon coded as "dangerous" in police records. While Officer Ficenec acknowledged that police do not automatically frisk a person for weapons in the course of a traffic stop, he testified that it is standard practice for an officer to conduct a weapons frisk when the word is received that a suspect is coded as "dangerous" in police records. Given the facts of this case, we find that the record provides articulable facts and reasonable inferences sufficient to justify Officer Ficenec's decision to frisk Stubblefield's person for weapons. There was nothing illegal about the search of Stubblefield's person. Consequently, the search of Stubblefield's person did not taint the subsequent consensual search of Stubblefield's vehicle. Therefore, we affirm the trial court's order overruling the motion to suppress.

## 2. SUFFICIENCY OF THE EVIDENCE

The decisive issue at trial was whether the trial court believed that Stubblefield was telling the truth when he said that he knew nothing about the crack cocaine and implied that a recent passenger or borrower of his vehicle must have left the contraband in the vehicle.

Stubblefield relies heavily on *State v. Friend*, 230 Neb. 765, 433 N.W.2d 512 (1988), to support his argument that the trial court erred in not accepting his explanation exonerating himself of any knowledge of the contraband in his vehicle. Stubblefield seems to believe that, by default, he must be acquitted because he produced an explanation that supported his claim of innocence. In *Friend*, the court stated that "when illegal materials are found in an automobile possessed and operated by the defendant, the evidence of unlawful possession is deemed sufficient to sustain a conviction, *'in the absence of any other reasonable explanation for its presence.'* " *Id*. at 769, 433 N.W.2d at 515. That proposition of law was disapproved of in *State v. Harney*, 237 Neb. 512, 466 N.W.2d 540 (1991), on

grounds that it unfairly shifted to the defendant the burden of disproving possession. Thus, Stubblefield could have been acquitted even if he had not proffered an explanation for the presence of the contraband in his vehicle. Regardless of whether Stubblefield proffered an explanation for the presence of the contraband, he should have been acquitted if the trier of fact harbored a reasonable doubt as to whether Stubblefield knew that the crack cocaine was in his vehicle.

In convicting Stubblefield, the court obviously determined beyond a reasonable doubt that Stubblefield was aware of the presence of the crack cocaine in plain view next to him on the front passenger seat. Stubblefield urges us to find that the trial court erred in rejecting his claim that he was not aware of the presence of the crack cocaine in his vehicle. This we cannot do. The parties introduced conflicting evidence on whether Stubblefield was in possession of the contraband, leaving to the trial court the task of weighing the testimony and credibility of the witnesses and resolving the conflicts in the evidence. An appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury. *State v. Peterson*, 242 Neb. 286, 494 N.W.2d 551 (1993). On appellate review of a conviction in a bench trial, we ask whether the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Timmerman*, 240 Neb. 74, 480 N.W.2d 411 (1992). Having reviewed the evidence in the light most favorable to the State, we find no error in the trial court's judgment that Stubblefield was in possession of the crack cocaine found in his vehicle.

AFFIRMED.