**UNITED STATES of America, Plaintiff,**

v.

**Julio PICCINONNA, Defendant.**

**No. 85–6132–CR–JAG.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Feb. 7, 1990.

John T. Orr, U.S. Dept. of Justice, Antitrust Div., Atlanta, Ga., for plaintiff.

J. Robert Cooper, Atlanta, Ga., admitted pro hac vice, for defendant.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the order and opinion of the Eleventh Circuit Court of Appeals decided on September 28, 1989. Therein, the Court of Appeals vacated this court's judgment of conviction and remanded the case "for further proceedings consistent with this opinion". *See United States v. Piccinonna,* 885 F.2d 1529, 1537, (11th Cir.1989), (hereinafter, "the opinion").

The government has filed a motion for a hearing on the admissibility of the defendant's polygraph examination results. The defendant has responded and the court has heard oral argument of able counsel on January 12, 1990.

At the outset, this court is unclear as to its duty under the Eleventh Circuit's Delphic pronouncement. Is this court required to grant the defendant a new trial? Is the court only to address the admissibility of the original polygraph test administered on November 25, 1985 by George Slattery? Or, is the court to consider any new test submitted by the defendant (such as the polygraph test administered to the defendant in January 1990) and require the parties to follow the procedures outlined in the appellate opinion?

While this court intends to act as instructed, it is not clear what the Court of Appeals would have this court do.

Nonetheless, it shall try.

This court's interpretation of the appellate opinion is that the court is to rule upon the admissibility of the original polygraph test taken in 1985. Obviously, Mr. Piccinonna could not be expected to have adhered to the new procedures established in the opinion (such as notice or reasonable opportunity for the opposing party to test the defendant) since these matters were not the law in 1985. The government will not stipulate to the admission of the 1985 examination in evidence so only the appel-

late opinion's second exception (use or results for impeachment or corroboration) is applicable. The defendant, however, appears to have satisfied the first two prerequisites for use of the results under the "impeachment or corroboration exception" to the general rule of exclusion. The court finds that the defendant, Julio Piccinonna, gave the United States adequate notice of his intention to use the test results, and that the government had an adequate opportunity to have the defendant take a separate test using "substantially the same questions".

It is apparent from the opinion that regardless of the modification of the former rule of exclusion this court must still find that the polygraph results are admissible under the Federal Rules of Evidence. The court has carefully considered the questions posed to the defendant by Mr. Slattery in the 1985 examination and compared these to the statements set forth in the indictment as the basis for Piccinonna's perjury conviction.

The questions and answers in the polygraph test are hereby found to be irrelevant.

The questions asked do not have sufficient probative value to outweigh the potential prejudice of admitting this type of evidence.

There is also a significant potential that the fact finder could be mislead by the defendant's truthful answers to questions not addressed to the issues in the case.

The probative value of the questions and answers is slight here. For example, in Count Four of the Indictment, the defendant was charged with providing the following false statements:

Question: Has that [trading accounts] in fact not been the practice to stay away from competitors' accounts as the general rule?

Answer: *Not to my knowledge. Not to my knowledge.*

Question: —You never heard of anything like that in the business.

Answer: *Never heard that.*

To rebut these allegedly false answers, shown with emphasis, the defendant offers the following polygraph results:

Question: Did you tell any of the Johnson brothers about an arrangement in the garbage business, to stay away from each others [sic] accounts?

Answer: No.

While the reference to the Johnson brothers was made by the prosecutor earlier in the grand jury proceedings, the defendant's answer to that question was not the subject of the indictment, or Count IV.

The court finds the other polygraph questions equally unhelpful.

This court is not unaware of the defendant's contention that it is unfair and unjust to hold the defendant to the original test proferred in 1985. The defendant gave the government notice then that it intended to use this type of evidence, and the government offered no guidance as to the acceptability of the questions to be asked. On the other hand, the defendant posed the questions actually asked. In fact, defendant's former counsel actually propounded the questions at issue here. The examiner could have been instructed to ask the defendant the very questions asked in the grand jury testimony, but the defendant chose not to do that. Since, this court's interpretation of the appellate opinion is that another polygraph test cannot be considered, the defendant shall be bound by his choice of questions.

This court respectfully suggests that even if the 1985 polygraph results had been deemed relevant, it is doubtful that such evidence would *ever* be admissible.

A criminal defendant will only offer polygraph evidence as evidence if it shows he is not lying. In such a case, the government would not be expected to stipulate to its use, and only the use of the results as impeachment or corroboration (under the second exception in the appellate opinion) would be viable.

Even when used for impeachment or cooroboration, however, the polygraph results would still not be admissible.

Federal Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Polygraph results are, of course, a subject of expert opinion. The problem arises because Rule 702 must be reconciled with Federal Rule 608. Rule 608(b) provides that "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Thus, the results of one specific polygraph test offered as one specific instance of truthfulness would not be admissible pursuant to Rule 608(b).

If the defendant argued that polygraph results are expert opinion testimony admissible under Rule 702 and hence not barred by Rule 608(b), the evidence might still be inadmissible. Rule 608(a) provides as follows:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to *character* for truthfulness or untruthfulness, and (2) evidence of truthful *character* is admissible only after the *character* of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. (Emphasis added).

Thus it is seen that Rule 608(a) limits testimony concerning the credibility of the witness to evidence in the form of opinion or reputation but subject to the limitation that "(1) the evidence may refer only to *character* for truthfulness or untruthfulness" (emphasis added).

This court holds that a single polygraph testing session represents an inadequate foundation upon which an expert can base an opinion on the defendant's "character" for truthfulness or untruthfulness. It is inconceivable that anyone, expert or not, could form a valid, reliable, and admissible opinion as to the "character" of a witness based on nothing more than one single polygraph examination. Such testimony, when based on one single session, would be inadmissible as speculative and without any adequate foundation, and is thus likely to mislead any fact finder.

Two answers may exist to this conundrum. First, the Court of Appeals may have intended to create an exception to Rule 608 in the case of polygraph testimony although the court's opinion is silent on this point. Second, the quantum of evidence required to establish an adequate foundation for expert testimony under Rule 702 lies within the trial court's discretion. While this court would not accept one testing session as furnishing a sufficient foundation upon which to base opinion testimony as to a witness' "character for truthfulness or untruthfulness", other courts might disagree.

Unfortunately, neither of these solutions provide satisfactory answers to the Rule 608 problem. If the appellate court intended to create an exception to the rule, it would have done so explicitly. Moreover, it seems unlikely that the opinion intended to reduce the existing standards pertaining to the admissibility of expert opinion testimony under Rule 702. While all evidentiary rulings are somewhat subjective in the sense that they involve application of the rules of evidence to particular facts, these decisions are based on objectively stated rules. Surely, the admissibility of polygraph results, already a subject of considerable debate, should rest upon a firmer foundation than the subjective judgment of individual trial judges as to what constitutes a sufficient predicate upon which to base admissibility.

Having considered the record and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the government's motion for a hearing on the admissibility of the polygraph results is GRANTED. This court finds that the proferred polygraph test results administered to Julio Piccinonna in November 1985 by George Slattery are irrelevant under Federal Rule of Evidence 402. Alternatively,

this evidence is found to be inadmissible under Federal Rule of Evidence 608.

Based on the authorities cited in the government's memorandum, this court hereby REINSTATES the conviction and the sentence previously imposed and finds that a new trial is not merited.

DONE AND ORDERED.