Sabrina **MADDOX**, Plaintiff,

v.

**CASH LOANS OF HUNTSVILLE II, d/b/a Alabama Title Loans; and Clarence Edward Scruggs, Defendants.**

No. CV97–H–1838–S.

United States District Court,
N.D. Alabama,
Southern Division.

Sept. 23, 1998.

Ann C. Robertson, Alan H. Garber, Gordon Silberman Wiggins & Childs, Birmingham, AL, for Sabrina Maddox.

James P. Alexander, Arnold W. Umbach, III, Bradley Arant Rose & White, Birmingham, AL, Lisa L. Ballentine, David M. Brown, Matthew W. Clarke, Smith Gambrell & Russell, Atlanta, GA, for Cash Loans of Huntsville II, dba, Alabama Title Loans.

James P. Alexander, Arnold W. Umbach, III, Bradley Arant Rose & White, Birmingham, AL, James P. Rea, E. Ann McMahan, Spain & Gillon, Birmingham, AL, Lisa L. Ballentine, David M. Brown, Matthew W. Clarke, Smith Gambrell & Russell, Atlanta, GA, for Clarence Edward Scruggs.

## MEMORANDUM OPINION AND ORDER

HANCOCK, Senior District Judge.

The Court has before it the August 3, 1998 motion in limine of defendants Cash Loans of Huntsville II, d.b.a. Alabama Title Loans, and Clarence Edward Scruggs. Pursuant to the Court's August 5, 1998 order, the motion was deemed submitted, without oral argument, on August 17, 1998. Defendants filed their evidence in support of the motion and a supporting brief on August 3, 1998. The memorandum in opposition to defendants' motion was filed by plaintiff on August 24, 1998.

Defendants filed a motion for leave to file a reply brief on September 8, 1998. Defendants' motion for leave is GRANTED.

## I. Background

Plaintiff Sabrina Maddox commenced this action on July 18, 1997 by filing a complaint in this Court alleging that defendant Scruggs forced plaintiff to engage certain sexual acts with him and fired plaintiff because she refused to have sexual relations with him and that defendant Alabama Title Loans ratified Scruggs' actions. Plaintiff contends that defendants' alleged conduct constitutes (1) discrimination on the basis of her sex under Title VII; (2) discrimination on the basis of her race under Title VII and 42 U.S.C. § 1981; (3) assault and battery; (4) invasion of privacy; (5) intentional infliction of emotional distress; and (6) negligent and/or malicious supervision and training. On November 14, 1997, this Court entered a Rule 26 scheduling order setting discovery cutoff for August 14, 1998. The Court has extended the cutoff to September 29, 1998. (May 8, 1998 Order; August 21, 1998 Order).

On July 15, 1998, plaintiff filed a notice of intent to introduce polygraph evidence and to designate polygrapher Dr. Vergil Williams as an expert for trial. The polygraph test involved three questions that are relevant to the cause of action:

(1) At the meeting, did you lie when you stated that Scruggs offered to fire Ester and make you manager if you would be his mistress?

(2) Did you lie when you stated that Scruggs forced his penis in your mouth and later put it in your vagina while you feared for loss of your job?

(3) Did you lie when you stated that Scruggs told you your job was on the line if you did not have sex with him?

Plaintiff's notice alleges that the evidence is admissible as corroboration of plaintiff's testimony and that "the truthfulness of plaintiff has been put at issue by virtue of the fact that defendant Scruggs has denied those things about which plaintiff has been polygraphed." In their motion in limine, defendants argue that the polygraph results should be excluded under Federal Rule of Evidence 702 or, in the alternative, Federal Rule of Evidence 403.

## II. Applicable Law and Analysis

■ In *U.S. v. Piccinonna* (*Piccinonna I*), 885 F.2d 1529 (11th Cir.1989) (en banc), the Eleventh Circuit articulated two circumstances in which a court may, in its discretion, admit polygraph evidence: where the parties stipulate in advance, or where the evidence is offered to impeach or corroborate the testimony of a witness. 885 F.2d at 1536. Plaintiff seeks to admit the polygraph evidence to corroborate plaintiff's testimony regarding defendant Scruggs' alleged conduct. A court may admit such corroboration evidence when the following three conditions are satisfied: (1) the proponent provides adequate notice to the opposing party; (2) the proponent provides the opposing party with reasonable opportunity to administer a polygraph test; and (3) the polygraph evidence is admissible under the Federal Rules of Evidence. *See Piccinonna I*, 885 F.2d at 1536–37.

Defendants contend that the polygraph evidence fails to meet the requirements of Federal Rules of Evidence 702 and 403. Because the Court finds the polygraph evidence inadmissible under Rules 608 and 403, the Court will not resolve the threshold inquiry under Rule 702 and will assume some relevance while recognizing that other courts have held to the contrary. See *U.S. v. Piccinonna* (*Piccinonna II*), 729 F.Supp. 1336, 1338 (S.D.Fla.1990), *aff'd mem.*, 925 F.2d 1474 (11th Cir.1991).

### A. Admissibility under Rule 608

Character evidence is generally inadmissible under the Federal Rules of Evidence, subject to certain exceptions. Fed.R.Evid. 404(a). Plaintiff argues that the polygraph evidence is admissible as opinion evidence of plaintiff's character for truthfulness under Rule 608. *See* Fed.R.Evid. 404(a)(3) (noting that evidence admissible under Rule 608 is not barred by Rule 404(a)). Rule 608 provides:

(a) *Opinion and reputation evidence of character.* The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) evidence may refer only to character for truthful-

ness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.[1]

(b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. . . .

■ The polygraph evidence in the present case fails to meet the requirements of Rule 608 in two respects: (1) the examination result is inadmissible extrinsic evidence; and (2) Dr. Williams cannot, as a matter of law, render an opinion as to plaintiff's character for truthfulness. The polygraph examination result is purported to be a measure of a specific instance of truthfulness. *See United States v. Scheffer,* 523 U.S. 303, —— n. 13, 118 S.Ct. 1261, 1268 n. 13, 140 L.Ed.2d 413 (1998). As such, it is inadmissible extrinsic evidence under Rule 608(b). *See United States v. Pitner,* 969 F.Supp. 1246, 1253 (W.D.Wash.1997); *U.S. v. Piccinonna (Piccinonna II),* 729 F.Supp. 1336, 1338 (S.D.Fla. 1990), *aff'd mem.,* 925 F.2d 1474 (11th Cir. 1991).

■ As to the proposed testimony of polygrapher Dr. Williams, Dr. Williams' opinion on the results of the polygraph examination would not constitute an opinion of plaintiff's "character for truthfulness or untruthfulness," nor is Dr. Williams qualified to render an opinion as to plaintiff's character for truthfulness. "[A]n expert polygrapher's interpretation of polygraph results ... is merely the opinion of a witness with no knowledge about any of the [relevant] facts ... concerning whether the [subject] spoke truthfully or deceptively on another occasion." *United States v. Scheffer,* 523 U.S. 303, —— n. 13, 118 S.Ct. 1261, 1268 n. 13, 140 L.Ed.2d 413 (1998). Addressing one's

truthfulness on a specific occasion with respect to three questions is *not* tantamount to addressing one's character for truthfulness. *See United States v. Duque,* 176 F.R.D. 691, 695 (N.D.Ga.1998); *United States v. Earley,* 505 F.Supp. 117, 120 (S.D.Iowa), *aff'd,* 657 F.2d 195 (8th Cir.1981); *see also United States v. Thomas,* 768 F.2d 611, 618 (5th Cir.1985). For this reason, Dr. Williams' proposed testimony regarding the polygraph test results would not constitute an opinion as to plaintiff's character for truthfulness under Rule 608.

■ Assuming Dr. Williams wishes to testify as to plaintiff's character for truthfulness rather than the polygraph results, Dr. Williams would be unqualified to do so. Plaintiff has failed to demonstrate that Dr. Williams has personal knowledge of plaintiff's character for truthfulness or untruthfulness. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R.Evid. 602. A single polygraph testing session is an inadequate foundation upon which an expert can base an opinion as to an individual's "character" for truthfulness. *See United States v. Castillo,* No. 96–CR–430, 1997 WL 83746 *1, 1997 U.S.Dist. LEXIS 1813, at *3 (E.D.Pa. Feb. 19, 1997); *U.S. v. Piccinonna (Piccinonna II),* 729 F.Supp. 1336, 1338 (S.D.Fla.1990), *aff'd mem.,* 925 F.2d 1474 (11th Cir.1991).

> It is inconceivable that anyone, expert or not, could form a valid, reliable, and admissible opinion as to the "character" of a witness based on nothing more than one single polygraph examination. Such testimony, when based on one single session, would be inadmissible as speculative and without any adequate foundation.

*Piccinonna II,* 729 F.Supp. at 1338.

This Court finds the reasoning articulated in *Piccinonna II* to be persuasive. In the

---

1. Plaintiff's notice is defective on its face because it fails to allege that plaintiff's character for truthfulness will be attacked; rather, it alleges that plaintiff's testimony will be contradicted. *See, e.g., United States v. Danehy,* 680 F.2d 1311, 1314 (11th Cir.1982) (discussing distinction between an attack on one's character for truthfulness and a contradiction in testimony); *United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir. 1979) (same); *see generally* 28 Charles Alan

Wright & Victor James Gold, *Federal Practice and Procedure* § 6116, at 70 (1993) ("[C]ontradiction evidence might be offered to prove the witness has intentionally lied, but for reasons that are case-specific and have nothing to do with general trustworthiness."). Due to the fact that plaintiff's character for truthfulness could be placed at issue at a later time, the Court will address the larger issues of admissibility under Rules 608 and 403.

present case, Dr. Williams only has knowledge of the polygraph results, not a general character trait of plaintiff. Dr. Williams has not been shown to be qualified to render an opinion regarding plaintiff's character for truthfulness, and the Court doubts he could be qualified to do so on the basis of reputation. The administration of a polygraph examination consisting of three questions is an insufficient basis upon which to form an opinion as to a person's character for truthfulness.

Some district courts in the Eleventh Circuit have interpreted *Piccinonna I* to carve out an exception under Rule 608 for polygraph evidence. *See United States v. Padilla,* 908 F.Supp. 923, 927 & n. 3 (S.D.Fla. 1995). This Court respectfully disagrees. In *Piccinonna I,* the Eleventh Circuit specifically limited its holding to the Rule 702 issue: "Our holding states merely that in the limited circumstances delineated above, the *Frye* general acceptance test does not act as a bar to admission of polygraph evidence as a matter of law." *U.S. v. Piccinonna (Piccinonna I),* 885 F.2d 1529, 1536 (11th Cir.1989) (en banc). The Eleventh Circuit has declined other opportunities to address the role of Rule 608 in the admissibility of polygraph evidence. *See United States v. Gilliard,* 133 F.3d 809, 812 n. 2 (11th Cir.1998) (refusing to reach Rule 608 issue). Thus, the Court must follow the clear language of Federal Rules of Evidence 404(a) and 608. The Court finds that (1) the polygraph results are inadmissible extrinsic evidence of plaintiff's character; (2) polygrapher Dr. Williams' interpretation of the results of the polygraph is not equivalent to an opinion regarding plaintiff's character for veracity; and (3) Dr. Williams has insufficient knowledge of plaintiff's character to testify as to plaintiff's character for veracity either in the form of opinion or in the form of reputation.

**B. Admissibility under Rule 403**

Even if the polygraph evidence were admissible as corroborative evidence, the Court would nonetheless exclude the evidence under Rule 403. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The polygraph examiner can testify only to one matter—that, in his opinion, plaintiff's physiological responses indicated a lack of deception when, on another occasion outside of court, plaintiff was asked certain questions. *See United States v. Scheffer,* 523 U.S. 303, —— n. 13, 118 S.Ct. 1261, 1268 n. 13, 140 L.Ed.2d 413 (1998); *United States v. Duque,* 176 F.R.D. 691, 695 (N.D.Ga.1998). "This opinion is a secondary and indirect indicia of truthfulness." *Duque,* 176 F.R.D. at 695. Furthermore, expert testimony regarding a witness' credibility offers the jury little, if any, assistance, because the jury can determine the reliability of a witness with the tools of cross-examination. *C.f. United States v. Smith,* 122 F.3d 1355, 1358–59 (11th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 614, 139 L.Ed.2d 500 (1997) (upholding exclusion of expert testimony regarding eyewitness reliability). The polygraph evidence has questionable probative value at best.

Not only is the probative value of the polygraph evidence negligible, its effect would be highly prejudicial and lead to jury confusion. Absent unusual circumstances, expert testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province to make credibility determinations. *See, e.g., Snowden v. Singletary,* 135 F.3d 732, 738 (11th Cir.1998), *petition for cert. filed,* 67 U.S.L.W. 3113 (U.S. Aug. 3, 1998) ; *United States v. Beasley,* 72 F.3d 1518, 1528 (11th Cir.), *cert. denied,* 517 U.S. 1027, 116 S.Ct. 2570, 135 L.Ed.2d 1086, *and cert. denied,* —— U.S. ——, 117 S.Ct. 176, 136 L.Ed.2d 116 (1996); *United States v. Jackson,* 576 F.2d 46, 49 (5th Cir.1978); *see also United States v. Scheffer,* 523 U.S. 303, —— – ——, 118 S.Ct. 1261, 1266–67, 140 L.Ed.2d 413 (1998) (plurality opinion). A jury has an obligation to "exercise its untrammeled judgment upon the worth and weight of testimony" and to "bring in its verdict and not someone else's." *United States v. Johnson,* 319 U.S. 503, 519, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943); *accord United States v. Sorondo,* 845 F.2d 945, 949 (11th Cir.1988). To ensure that a jury does not abrogate that responsibility, the Court

must be sensitive to the jury's temptation to accept the judgment of an expert in place of its own. *See Sorondo,* 845 F.2d at 949.

 In the present case, the credibility of plaintiff's testimony regarding defendant Scruggs' alleged sexual misconduct is a key issue in the sexual discrimination, assault and battery, invasion of privacy, and intentional infliction of emotional distress claims. The admission of polygraph evidence would shift the focus of a trial from liability to the examiner's qualifications and methodology. *See United States v. Gilliard,* 133 F.3d 809, 815–16 (11th Cir.1998); *United States v. Duque,* 176 F.R.D. 691, 695 (N.D.Ga.1998). For this reason, the polygraph evidence poses a substantial risk that the jury would substitute Dr. Williams' judgment for its own. *See Sorondo,* 845 F.2d at 949; *U.S. v. Piccinonna (Piccinonna II),* 729 F.Supp. 1336, 1338 (S.D.Fla.1990), *aff'd mem.,* 925 F.2d 1474 (11th Cir.1991).

Furthermore, defendants had no notice of the polygraph examination before it took place. Although defendants have the results of the polygraph, reviewing the results is not the same as being present at the examination. *See Gilliard,* 133 F.3d at 816. Absence of such notice unduly prejudiced defendants because the unilateral nature of the polygraph hindered defendants' ability to cross-examine plaintiff's experts and to have their own experts conduct an independent review of the polygraph results.[2] *See id.; see also Barnier v. Szentmiklosi,* 810 F.2d 594, 597 (6th Cir.1987) (discussing prejudicial nature of unilateral polygraph tests). The Court finds that the risk of a jury substituting its judgment for the opinion of Dr. Williams and the unfair prejudice to defendants substantially outweigh the slight probative value, if any, of the polygraph evidence.

In summary, the Court finds that the polygraph evidence is inadmissible under Federal Rules of Evidence 404(a) and 608. Exercising the discretion vested in the Court, the Court separately concludes that the polygraph evidence should be excluded under Federal Rule of Evidence 403. Therefore,

defendants' motion in limine is GRANTED. Plaintiff and her counsel are prohibited from offering into evidence or mentioning during voir dire, while questioning witnesses, or during opening or closing arguments, the results of the polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination. The attorneys for the parties are directed to take appropriate action to assure that witnesses familiar with such polygraph examination and its results do not mention or make reference to the examination.

---

**2.** The procedure employed by counsel for plaintiff also could be used by an attorney to "shop around" among examiners until the party "passed" an examination and then give notice as to that examiner only.